IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DAVID L. MEADOR,**

       **Plaintiff,**

**v.**                                    **No. CIV-06-1106 BB/LAM**

**WARDEN JOHNSON,**

       **Defendant.**

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

## PROPOSED FINDINGS

**THIS MATTER** is before the Court on *Defendants' [sic] Motion and Memorandum in Support of Motion to Dismiss on the Basis of Qualified Immunity and on Other Grounds* (*Doc. 10*) filed by Defendant Johnson.[2] Plaintiff filed a response titled *Response to 12(b)(6) Motion (Doc. 14),* and Defendant filed a reply titled *Defendant's Reply to Motion to Dismiss (Doc. 17)*. For the reasons set forth below, the undersigned recommends that *Defendants' [sic] Motion and Memorandum in Support of Motion to Dismiss on the Basis of Qualified Immunity and on Other Grounds* (*Doc. 10*) be **GRANTED**, that Plaintiff's *Motion for Injunction (Doc. 3)* and Plaintiff's *Motion to Compel Discovery (Doc. 13)* be **DENIED AS MOOT**, and all of Plaintiff's claims and

---

[1] Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the Clerk of the United States District Court within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

[2] While the title of Defendant's motion uses the plural word "Defendants," there is only one Defendant in this case.

this case be **DISMISSED with prejudice**.  In deciding this matter, the Court has considered the foregoing motions, the record of this case and relevant law.

*Background*

Plaintiff is a prisoner who is proceeding *in forma pauperis*.[3]  He filed this action on November 13, 2006, pursuant to 42 U.S.C. § 1983, against Defendant Johnson who is an official of the Curry County Detention Center in Clovis, New Mexico.[4]  In his complaint, Plaintiff appears to allege that Johnson violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution while he was incarcerated at the Curry County Detention Center from September 22, 2006, to October 7, 2006, "by placing him in a 6 x 10 metal box with no mattress [sic], blanket with wholes [sic], 'SMU' conditions, [and a] 40? tempature" [sic] and by doing so without providing him a hearing.[5]

Three days after filing his complaint, Plaintiff filed a ***Motion for Injunction*** *(Doc. 3)*, asking for relief from "being punished for bringing a claim against the defendant."[6]  In this motion, Plaintiff states he "has been placed in SMU and . . . punished by defendant without due process and [is] entitled to his release."[7]  After briefing was completed on Defendant's motion to dismiss, Plaintiff filed on April 11, 2007, an ***Affidavit***  (*Doc. 19*) complaining about his treatment at the Curry County

---

[3]*See **Order** (Doc. 6)* granting Plaintiff's motion for leave to proceed *in forma pauperis*.

[4]*See **Complaint*** (*Doc. 1*) at second page, describing Johnson as a "Jailor" [sic] and "Wardon" [sic] of the Curry County Detention Center, and ***Defendants' [sic] Motion and Memorandum in Support of Motion to Dismiss on the Basis of Qualified Immunity and on Other Grounds*** (*Doc. 10*) at 2, describing Johnson as "the administrator of Curry County Detention Center."

[5]***Complaint*** (*Doc. 1*) at second page.

[6]***Motion for Injunction*** *(Doc. 3)* at first page.

[7]*Id.*  The Court notes that Plaintiff does not define "SMU," but it most likely means "Special Management Unit." *See, e.g., Williams. v. Corrections Corp. of America*, 30 Fed. Appx. 940, 940 (10th Cir. 2002) (defining "SMU" as a "Special Management Unit" in a corrections facility).

Detention Center. Plaintiff has not filed an amended complaint, pursuant to Fed. R. Civ. P. 15, asserting additional claims based on his allegations in the *Affidavit*. Finally, Plaintiff filed a *Motion to Compel Discovery (Doc. 13)* on March 20, 2007, which was stayed by order of the Court until the Court rules on this motion to dismiss.[8]

### *Defendant's Motion to Dismiss*

Defendant asks the Court to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6).[9] Defendant states that she "is entitled to dismissal and/or qualified immunity" for Plaintiff's claims because: (1) "the conditions of which Plaintiff complains were not permanent" and the "Complaint fails to state a cognizable constitutional claim for violation of a constitutional right;" (2) there is no allegation of personal involvement of Defendant Johnson and Plaintiff cannot succeed on a "theory of supervisory liability;" (3) there is no allegation of "any incident of state law affording [Plaintiff] a liberty interest in his placement;" and (4) "the Board of County Commissioners is the policy-maker for purposes of *Monell* or official capacity liability."[10] Plaintiff appears to claim in his response that issue and claim preclusion apply to Defendant's motion, that Defendant has a "private policy" that sets jail standards, and that the case "Wolf v. McDonnell, US Supreme Court" establishes the law that was violated in this case.[11] In addition, Plaintiff states that he was a pretrial detainee at the time of his incarceration, that the conditions of which he complains are ongoing at the jail and an injunction should be entered to "cure infliction of pain and suffering on other

---

[8] *See **Order** (Doc. 21)* at 3.

[9] *See **Defendants' [sic] Motion and Memorandum in Support of Motion to Dismiss on the Basis of Qualified Immunity and on Other Grounds** (Doc. 10)* at 1.

[10] *Id.* at 2-3.

[11] *See **Response to 12(b)(6) Motion** (Doc. 14)* at first, second and fourth pages.

3

inmates."[12]  Defendant replies that: (1) issue and claim preclusion do not apply here; (2) since Plaintiff is no longer at the Curry County Detention Center, his claims for injunctive relief are moot; (3) since Plaintiff was a pre-trial detainee, and because the alleged conditions of confinement were not "sufficiently serious" to implicate constitutional rights, his Eighth Amendment claims must be dismissed; (4) Plaintiff's claims about Ms. Johnson's "unpublished private policy" are conclusory and thus insufficient to state a claim; (5) Plaintiff has not made allegations such that due process would apply to his situation; and (6) Plaintiff does not have standing to assert the constitutional rights of other inmates.[13]

### *Standard for Motion to Dismiss*

The Court may dismiss a complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  To prevail on a motion to dismiss pursuant to Rule 12(b)(6), Defendant must show that, viewing the well-pleaded factual allegations in Plaintiff's complaint as true and in the light most favorable to Plaintiff, Plaintiff has not alleged "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1974 (2007); *Ton Servs. v. Qwest Corp.*, 493 F.3d 1225, 1235-36 (10th Cir. 2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). Because Plaintiff appears in this case *pro se*, the Court construes his pleadings and submissions liberally, holding them to a less stringent standard than is required of a party

---

[12]*Id.* at second and third pages.

[13]*See **Defendant's Reply to Motion to Dismiss** (Doc. 17)* at 1-6.

represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Court follows a two-step test to analyze the issue of qualified immunity, which is (1) whether under Rule 12(b)(6) standards the defendant's alleged actions violated a constitutional or statutory right, and (2) if so, whether the constitutional right was clearly established so that a reasonable official would have understood their conduct violated the right. *Eaton v. Meneley*, 180 F. Supp. 2d 1247, 1254 (D. Kan. 2002) (citing *Dill v. City of Edmond, Oklahoma*, 155 F.3d 1193, 1204 (10th Cir. 1998)). "To be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as plaintiff maintains." *Eaton*, 189 F. Supp. 2d at 1254 (internal citation omitted). If the Plaintiff fails to satisfy either part of the two-part analysis, the Court must grant the Defendant qualified immunity.

### A. *Plaintiff's Eighth Amendment Claims*

Plaintiff's allegations of being placed "in a 6 x 10 metal box with no mattress [sic], blanket with wholes [sic], 'SMU' conditions, [and a] 40? tempature" [sic] do not constitute an Eighth Amendment violation.[14] The Eighth Amendment protects prisoners from cruel and unusual punishment, and while the Constitution does not permit inhumane prison conditions, neither does it "mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Under the Eighth Amendment, prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates." *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). To prevail on a claim under the Eighth Amendment, an

---

[14]***Complaint*** (*Doc. 1*) at second page.

inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm, and the prison official must have a state of mind of "deliberate indifference" to inmate health or safety. *Riddle v. Trevino*, 83 F.3d 1197, 1204 (10th Cir. 1996). In this case, Plaintiff did not show that the size of his cell or the conditions in his cell constitute a substantial risk of serious harm. Thus, Plaintiff's claims based on the Eighth Amendment fail both parts of the two-part qualified immunity analysis and his claims should be dismissed with prejudice.

Plaintiff's ***Affidavit*** *(Doc. 19)* alleges that: (1) Plaintiff was housed at "the Annex of Curry County Jail for about two weeks;" (2) that he was taken to the hospital for treatment of "lung problems and chest pains;" (3) he was put on an inhaler and other medications; (4) a nurse stated that Plaintiff "would be on inhealler [sic] for the rest of [Plaintiff's] life;" and (5) that inmates in the annex "put urine on" Plaintiff. The Court may dismiss claims *sua sponte* "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall*, 935 F.2d at 1110-11 (citing *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991)). Here, even if Plaintiff's affidavit was considered by the Court to be an amended complaint, the allegations therein do not show that the conditions posed a substantial risk of serious harm, or that the prison officials had a state of mind of deliberate indifference to inmate health or safety. Further, Plaintiff does not allege that there was any delay in medical treatment, and thus does not state a violation of the Eighth Amendment for these claims. *See Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001) (a delay in medical treatment violates the Eighth Amendment if the delay results in substantial harm to the inmate). Thus, the Court finds that it would be futile to allow Plaintiff to amend his complaint based on the allegations in his affidavit.

### *B. Plaintiff's Fourteenth Amendment and Other Claims*

Plaintiff also fails to allege that Defendant violated his Fourteenth Amendment rights. Plaintiff's allegations of Fourteenth Amendment violations appear to be that: (1) Defendant Johnson has an "unpublished 'private policy' to set jail standards;" and (2) Plaintiff "has due process rights to have a hearing on any rule violation before being placed in 'SMU.'"[15] A substantive due process claim "must represent 'more than an ordinary tort to be actionable under § 1983,' and must ' shock the conscience.'  To reach that level, the government action must be deliberate, rather than merely negligent."  *Clark v. Draper*, 168 F.3d 1185, 1190 (10th Cir. 1999) (citations omitted).  Here, Plaintiff does not make any allegations that would satisfy this standard.  In addition, Plaintiff fails to adequately plead any procedural due process violations.  *See Hall*, 935 F.2d at 1110 ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.").

Plaintiff's attempt to bring this claim on behalf of other inmates is also dismissed because Plaintiff does not have standing to assert the constitutional rights of others.  *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990).

### *C. Plaintiff's Motion for Injunction and Motion to Compel Discovery*

The Court finds Plaintiff's ***Motion for Injunction** (Doc. 3)* is moot because Plaintiff has been moved from the Curry County Detention Center.[16]  *See Green v. Branson*, 108 F.3d 1296, 1299-1300 (10th Cir. 1997) (finding that release from prison renders claims for injunctive relief moot); *Love*

---

[15]*See **Response to 12(b)(6) Motion** (Doc. 14)*, at second, third and fourth pages.

[16]*See **Notice of Change of Address** (Doc. 7)*, filed by Plaintiff stating that he has been moved to another facility.

*v. Summit County*, 776 F.2d 908, 910 n.4, 912 (10th Cir. 1985) (indicating that the general rule applies to a transfer between prisons).

Further, the Court finds that Plaintiff's ***Motion to Compel Discovery*** *(Doc. 13)* is also moot because Plaintiff's claims should be dismissed making discovery unnecessary.

### *D. Conclusion*

In conclusion, even after accepting as true Plaintiff's allegations and drawing all reasonable inferences in favor of Plaintiff, the undersigned agrees with Defendant that Plaintiff fails to make the necessary allegations to defeat Defendant's motion to dismiss based on qualified immunity. Defendant has demonstrated that (1) Plaintiff failed to allege any specific constitutional or statutory right that was violated by Defendant's action, and (2) Plaintiff failed to identify any Supreme Court or 10th Circuit opinion indicating that the alleged conduct violates clearly established law, and thus Defendant is entitled to qualified immunity.

In addition, the Court finds that Plaintiff's ***Motion for Injunction*** *(Doc. 3)* and ***Motion to Compel Discovery*** *(Doc. 13)* are moot.

### **RECOMMENDED DISPOSITION**

For the foregoing reasons, the Court recommends that ***Defendants' [sic] Motion and Memorandum in Support of Motion to Dismiss on the Basis of Qualified Immunity and on Other Grounds*** (*Doc. 10*) be **GRANTED**, that Plaintiff's ***Motion for Injunction*** *(Doc. 3)* and Plaintiff's

*Motion to Compel Discovery (Doc. 13)* be **DENIED AS MOOT**, and that all of Plaintiff's claims and this case be **DISMISSED with prejudice**.

_____
**HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**